UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COURT A. B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CV-52-CDL |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Social Security disability benefits. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c). For the reasons set forth below, the Court **reverses** the Commissioner's decision denying benefits and **remands** the case for further proceedings.

**I.    Standard of Review**

The Social Security Act (the Act) provides disability insurance benefits to qualifying individuals who have a physical or mental disability. *See* 42 U.S.C. § 423. The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

---

[1]    Pursuant to Federal Rule of Civil Procedure 25(d)(1), Kilolo Kijakazi is substituted as the defendant in this action, effective upon her appointment as Acting Commissioner of Social Security in July 2021. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A).

Judicial review of a Commissioner's disability determination "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (quoting *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek v. Berryhill*, --- U.S. ---, 139 S. Ct. 1148, 1154 (2019). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (quoting *Grogan*, 399 F.3d at 1261-62).

So long as supported by substantial evidence, the agency's factual findings are "conclusive." *Biestek*, 139 S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)). Thus, the court may not reweigh the evidence or substitute its judgment for that of the agency. *Noreja*, 952 F.3d at 1178.

II.   **Background and Procedural History**

Plaintiff applied for a period of disability and disability insurance benefits under Title II of the Social Security Act (Act), and for supplemental security income under Title XVI of the Act, on October 19, 2018. (R. 9-29).  Plaintiff alleged a disability onset date of March 2, 2018. (R. 271, 275-276).  He alleged disability due to injury to his legs and ankles, chronic pain in his legs and ankles, trouble walking and standing, weight loss, passing out,

uncontrolled diabetes, depression, and neuropathy in both feet. (R. 45, 275). Plaintiff was 55 years old on his alleged onset date. (R. 9, 232). He has a high school education and one year of college-level education. (R. 276). Before his alleged disability, plaintiff worked as a bartender, bellhop, and waiter. (R. 277, 316).

Plaintiff's application was denied on initial review and on reconsideration. Subsequently, his claim was heard via telephone by an Administrative Law Judge (ALJ) on July 14, 2020, after an earlier hearing set for April 7, 2020 was rescheduled due to the plaintiff's hospitalization. (R. 12). The July 14, 2020 hearing included testimony by plaintiff, a Medical Expert (ME), and a Vocational Expert (VE). *Id*. On July 27, 2020, the ALJ issued an unfavorable decision denying disability benefits. (R. 9-29). The Appeals Council issued a decision on December 9, 2020, denying plaintiff's request for review of the ALJ's decision. (R. 1-6). Accordingly, the ALJ's July 27, 2020 decision became the Commissioner's final decision. (R. 1). Following the Appeals Council's denial, plaintiff timely filed a Complaint in this Court. (*See* Doc. 2). Accordingly, the Court has jurisdiction to review the ALJ's July 27, 2020 decision under 42 U.S.C. § 405(g).

### III.    The ALJ's Decision

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled and, therefore, entitled to benefits. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). A finding that the claimant is disabled or is not disabled at any step ends the analysis. *See id.*; *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). The claimant bears the burden on steps one through four. *Lax*, 489 F.3d at 1084.

At step one, the claimant must demonstrate that he is not engaged in any substantial gainful activity. *See id*. at 1084. Here, the ALJ determined plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 2, 2018. (R. 14).

At step two, the claimant must establish an impairment or combination of impairments that is severe. *See Lax*, 489 F.3d at 1084. Here, the ALJ determined that plaintiff has severe impairments of diabetes mellitus; alcohol dependence; status post-fractures of the right shoulder, wrist, and ankle (status post-open reduction internal fixation, and status post-fractures of the left ankle and right eighth and tenth ribs with residuals). (R. 14-15). The ALJ found that plaintiff's history of syncope is not a medically determinable impairment, but rather a symptom of plaintiff's alcohol use. (R. 15). The ALJ found that plaintiff's post-traumatic stress disorder (PTSD) and major depressive disorder are non-severe. *Id*.

At step three, the ALJ determines whether the claimant's severe impairment or combinations impairments is equivalent to one listed in Appendix 1 of the regulation, which the Commissioner "acknowledges are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (internal quotation and citation omitted); *see* 20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404, subpt. P, app'x 1 (Listings). Here, the ALJ found that plaintiff's physical and mental impairments do not meet or equal the criteria for any Listing, specifically noting Listings under Sections 1.00 (musculoskeletal system), and 9.00 (endocrine disorders). (R. 17-18). The ALJ acknowledged that the previous Listing 9.00 et seq. was abolished effective June 7, 2011 but noted that the updated Listing 9.00 provides guidance on how to evaluate the effects of endocrine disorders, such as diabetes mellitus. (R. 17).

The ALJ also discussed the "paragraph B" criteria—four areas of mental functioning used to determine whether a claimant's mental impairments functionally equal a Listing. *See* 20 C.F.R. § 404, subpt. P App'x 1. The ALJ found that plaintiff has a mild limitation in each of the four relevant domains—understanding, remembering, and applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (R. 15-16). Because plaintiff does not have at least one extreme or two or more marked limitations, the ALJ found the paragraph B criteria are not satisfied. (R. 17).

At step four, the claimant must show that his impairment or combination of impairments prevents him from performing work he has performed in the past. The ALJ first determines the claimant's residual functional capacity (RFC) based on all the relevant medical and other evidence. 20 C.F.R. § 404.1520(e); *see also Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). The ALJ next determines the physical and mental demands of the claimant's past relevant work. *Winfrey*, 92 F.3d at 1023 (citing 20 C.F.R. § 404.1520(e)). Finally, the ALJ determines whether the RFC from phase one allows the claimant to meet the job demands found in phase two. *Id.*

Here, the ALJ determined that plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally reach overhead with the right upper extremity. [Plaintiff] can operate foot controls frequently with the left lower extremity and occasionally with the right lower extremity. [Plaintiff] can occasionally climb ramps and stairs. [Plaintiff] cannot climb ropes, ladders, or scaffolds. [Plaintiff] can occasionally crouch, crawl, kneel, stoop and balance on uneven, moving, or narrow surfaces. [Plaintiff] can have occasional exposure to vibrations but cannot have any exposure to unprotected heights or

>dangerous moving machinery. The job cannot require commercial driving.

(R. 18). Based on this RFC, the ALJ found that plaintiff is capable of performing his past relevant work as a waiter (Dictionary of Occupational Titles (DOT) # 311.477-030), both as generally and actually performed. (R. 29). Accordingly, the ALJ found plaintiff not disabled at step four. *Id*.

## IV. Discussion

Plaintiff challenges the ALJ's decision at step four that a person with plaintiff's RFC can perform the job of Waiter. He asserts that the ALJ failed to follow the proper analysis under *Winfrey*, 92 F.3d at 1023, in determining that plaintiff can perform his past relevant work, and improperly ignored testimony by the VE that contradicted the ALJ's conclusion at step four. He contends that, had the ALJ properly found that plaintiff cannot perform his past relevant work, the resulting analysis would have yielded a finding of disabled at step five.

### A. Step Four Legal Standards

In assessing a claimant's ability to perform past relevant work, an ALJ must: 1) evaluate the claimant's RFC; 2) determine the demands of the claimant's past relevant work; and 3) compare the claimant's RFC with his past relevant work to determine whether the claimant can do this work. *See* Social Security Ruling (SSR) 82-62, 1982 WL 31386, *2-3 (Jan. 1, 1982); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "An ALJ may rely on information supplied by the VE at step four." *Doyal*, 331 F.3d at 761 (internal citation omitted). An ALJ is permitted to "quote[] the VE's testimony approvingly, in

support of his own findings at phases two and three of the [step-four] analysis." *Id*. However, an ALJ may not "make RFC findings and then to delegate the remaining phases of the step four analysis to the [VE], because in such cases, 'the remainder of the step four assessment takes place in the VE's head' and 'we are left with nothing to review.'" *Id*. (citing *Winfrey,* 92 F.3d at 1025). "[W]hile the ALJ may rely on information supplied by the VE at step four, the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work." *Winfrey*, 92 F.3d at 1025.

    **B.**    **VE Testimony**

During the July 14, 2020 hearing, Marsha Storozyszyn testified as a VE. (R. 1125-1131). She testified that plaintiff had previously worked as a bartender, bellhop, and waiter, and that he had no transferable skills from his relevant past work to other light or sedentary jobs. (R. 1126). The ALJ presented a hypothetical, which included "light work" but failed to note expressly that the individual would be limited to 6-hours standing or walking in an 8-hour period:

> Q: So let's assume a hypothetical individual of the same age and education as the claimant with a[n RFC] to perform light work, with occasional overhead reaching with the right upper extremity. Frequently operate foot controls with the left lower extremity, and occasionally operate foot controls with the right lower extremity. Occasionally climb ramps and stairs. No climbing ropes, ladders, or scaffolds. Occasionally crouch, crawl, kneel, stoop, and balance on uneven, moving, or narrow surfaces. Occasional exposure to vibrations. No work involving any exposure to unprotected heights, dangerous moving machinery, and no commercial driving. Would that individual be able to perform any of the past work?

> A: Let me double check here. The waiter looks like the only job that would satisfy that.

(R. 1126-1127).

Later, during questioning from plaintiff's counsel, Ms. Storozyszyn testified that the 6-hour limitation, if included in the hypothetical RFC, would eliminate the waiter job:

> Q: Okay. So, if a person could only stand on their feet three-quarters of a shift, but would need to sit down the rest of the time, would they be able to perform their job as a waiter?
>
> A: No.
>
> ATTY: Okay. Thank you. Judge, I have no further questions.
>
> ALJ: . . . . Okay, so let me just follow up because Dr. Washburn did say – if the – so if we added standing and walking should be done – so take my facts that I gave you, but standing and walking up to six hours. Would that eliminate the waiter?
>
> A: Standing and walking up to six hours?
>
> Q: Yeah.
>
> A: If their shift was longer than six hours, then yes, it would eliminate that job.[2]

(R. 1130-1131).

---

[2] SSR 96-8p defines that, for purposes of determining RFC (and therefore capability of performing relevant past work), the standard is "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).

### C. Analysis

Under SSR 00-4p, "[w]hen a VE [. . .] provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about any possible conflict between [the VE's testimony] and information provided in the DOT." SSR 00-4p, 2000 WL 1898704 at *4 (Dec. 4, 2000). The "occupational evidence provided by a [VE] generally should be consistent with the occupational information supplied by the DOT." SSR 00-4p, 2000 WL 1898704, at *2. When a legitimate conflict exists between VE testimony and the DOT, the ALJ has an affirmative duty to "investigat[e] and elici[t] a reasonable explanation for any conflict" between them. *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999). An ALJ's failure to ask a VE to reconcile a conflict between the VE's testimony and the DOT is a reversible error. *Id.*; *Butler v. Colvin*, 172 F. Supp. 3d 1221, 1224 (E.D. Okla. 2016); *Kreuger v. Astrue*, 337 F. App'x 758, 761-62 (10th Cir. 2009).

SSR 00-4p explains that ALJs "may not rely on evidence provided by a VE . . . if that evidence is based on underlying assumptions or definitions that are inconsistent with our regulatory policies or definitions." SSR 00-4p, 2000 WL 1898704, at *3. Under this ruling, the exertional level classifications are controlling when there is evidence that an occupation meets the exertional demands of a regulatory definition and VE testimony suggests otherwise. *Id.* However, SSR 00-4p also makes clear that "neither the DOT nor the [VE evidence] automatically 'trumps' when there is a conflict." *Id.* at *2. Rather, "[t]he adjudicator must resolve the conflict by determining if the explanation given by the VE . .

9

. is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information." *Id*.

Here, the ALJ cited the VE's testimony and background in support of her determination that plaintiff has the RFC to perform the job of waiter:

> The [VE] testified that the demands of the claimant's past work as a *Waiter* do not exceed the [RFC] assessed. Specifically, she testified that although the job involves reaching, it does not involve more than occasional reaching overhead. With regard to limitations on types of climbing, use of one arm versus the other, direction of reaching, or balancing, the [VE] acknowledged that neither the DOT or Selected Characteristic of Operations (SCO) specifically address these limitations. With regard to the effect of these limitations, she based her opinion upon her 22 years of professional experience and understanding how jobs are performed in the workplace.

(R. 28).

The ALJ's decision acknowledged the VE's testimony that "an inability to stand and walk eight hours in an eight-hour period would preclude [plaintiff's] past relevant work as a waiter as he described it." (R. 29). Under 20 CFR §§ 404.1567(b) and 416.967(b), light work may "require[] a good deal of walking or standing." SSR 83-10 states that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6. Although the DOT classifies the job of waiter as light work, the VE testified that this job requires standing and walking in excess of six hours in an eight-hour workday—a more demanding exertional requirement than light work.

Having elicited this conflicting testimony, plaintiff put forth evidence supporting his step-four burden to show that he cannot perform his past relevant work. As such, the

10

ALJ had a duty to inquire about the conflict before relying on the VE's testimony to support her decision. An ALJ "must investigate and elicit a reasonable explanation for any conflict between the [DOT] and [VE] testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock*, 196 F.3d at 1091. However, the ALJ failed to do so. Instead, after the VE explained that an individual who is limited to standing and walking six hours in a workday would be unable to perform the job of waiter, "[i]f their shift was longer than six hours," the ALJ concluded the hearing. (R. 1131).

The ALJ's written decision does not cure this deficiency. The ALJ explained her step-four decision by "specifically draw[ing] attention to Agency definitions of light work." (R. 29). Quoting from SSR 00-4p, the ALJ stated,

> [a]lthough there may be a reason for classifying the exertional demands of an occupation (as generally performed) differently than the DOT (e.g., based on other reliable occupational information), <u>the regulatory definitions of exertional levels are controlling</u>.

*Id.* (citing SSR 00-4p) (emphasis in original).

However, this explanation did not resolve the conflict. The guidance cited above applies when evidence provided by a VE "is based on underlying assumptions or definitions that are inconsistent with [the Commissioner's] regulatory policies or definitions." SSR 00-4p at *3. Because the VE was not questioned further about the conflict, the Court cannot determine whether the VE's underlying assumptions differed from the Commissioner's definition of light work.

Having failed to address the conflict between the DOT and the VE's testimony, the ALJ could not properly rely on the VE's testimony to support her conclusion as to plaintiff's past relevant work. *See Winfrey*, 92 F.3d at 1024 (at step four, "the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work"). It appears that the ALJ chose to adopt one portion of the VE's testimony to support her findings as to plaintiff's past relevant work. However, the ALJ could not properly do so in the absence of a reasonable explanation for the VE's conflicting testimony that the job of waiter requires more standing and walking than light work. *Cf. Haddock*, 196 F.3d at 1091-92 (listing examples of possible "reasonable explanation[s]," including "that the job the VE is testifying about is not included in the [DOT], but is documented in some other acceptable source," and "that a specified number or percentage of a particular job is performed at a lower RFC level than the [DOT] shows the job generally to require"). Thus, the record provides an insufficient basis to determine whether the VE's testimony is substantial evidence that an individual with plaintiff's RFC can perform the job of waiter.

Plaintiff contends that a remand for the payment of benefits is warranted. Plaintiff notes that if the ALJ's analysis proceeded to step five, he would be found disabled under the grid rules, due to his age and other vocational factors. *See* 20 C.F.R. Part 404, subpt. P, Appendix II, § 202.00, Table No. 2, Rule 202.06. However, such a remedy would require the Court to improperly make its own findings of fact in order to find that plaintiff cannot perform his past relevant work. Accordingly, remand for further proceedings by the Commissioner is appropriate. *See, e.g., Haddock*, 196 F.3d at 1092-93.

V.     **Conclusion**

For the reasons set forth above, the Court finds the ALJ's determination that Plaintiff can perform the demands of relevant past work is not supported by substantial evidence. Therefore, the decision of the Commissioner finding Plaintiff not disabled for the relevant period is **reversed and remanded** for further proceedings consistent with this opinion.

**SO ORDERED** this 28th day of September, 2022.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge